IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NELSON SANTOS,

    Petitioner,

v.                                          Civil Action No. 1:18cv67
                                          (Judge Kleeh)

WARDEN ENTZEL, FCI Hazelton,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On March 30, 2018, the *pro se* petitioner, Nelson Santos, an inmate then-incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the continued legality of Petitioner's career offender sentence imposed by the United States District Court for the District of Maryland. Petitioner has satisfied the five-dollar filing fee, and his motion to exceed the page limits was granted.

The matter is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[2]

### A. Conviction and Sentence

---

[1] Petitioner is now incarcerated at USP Pollock in Pollock, Louisiana.

[2] The facts are taken from Petitioner's Criminal Case No. 8:09cr598-GJH-16 in the United States District Court for the District of Maryland, available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 28, 2009, a grand jury sitting in the District of Maryland returned a one-count Indictment charging Petitioner and 19 co-defendants with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d). ECF No. 1. Pursuant to a July 14, 2010 Superseding Information, Petitioner was charged in Count One-S with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d) and in Count Two-S with Possession of a Firearm After Conviction for a Felony Offense, in violation of 18 U.S.C. § 922(g)(1). ECF No. 292.  On July 16, 2010, Petitioner was arraigned on the new charges; signed a waiver of indictment; and pled guilty to both charges pursuant to a written plea agreement and plea supplement. ECF Nos. 292, 296, 297, 298, 299.

On October 22, 2010, a sentencing hearing was held. During the sentencing hearing, Petitioner requested the sentencing court to exercise its discretion and grant him a variance and/or downward departure from the Career Offender enhanced sentence guideline of 262 – 327 months that the Government sought, to 87 months, the top end of the non-Career Offender guideline, because the crimes which caused Petitioner to be a Career Offender involved two second degree assaults, i.e., crimes of violence, occurred many years prior to the instant offense and did not accurately reflect his character. ECF No. 681 at 3 – 4, 8 – 9, 20 – 23. The sentencing court partially granted Petitioner's request. Petitioner was sentenced to 190 months imprisonment as to Count One-S and 120 months imprisonment as to Count Two-S, to run concurrent with the sentence in Count One-S, to be followed by 5 years supervised release on Count One-S and 3 years supervised release on Count Two-S, to run concurrent with Count One-S. ECF No. 375.

Petitioner did not file a direct appeal.

**B. Motions to Vacate**

On July 16, 2012, Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 675. In his motion, Petitioner for relief from his conviction and sentence on the basis of deficient counsel and the improper use of predicate offenses[3] by the probation department in his sentencing determination. Id. By Memorandum Opinion and an Order entered on April 8, 2013, Petitioner's motion to vacate was denied as untimely. ECF Nos. 707, 708.

On June 24, 2016, Petitioner moved in the Fourth Circuit Court of Appeals for leave to file a successive Motion to Vacate pursuant to 28 U.S.C. § 2255, raising a claim under Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 822. After Beckles v. United States[4] was decided by the Supreme Court in March, 2017, Petitioner, through appointed counsel, voluntarily dismissed the motion by notice filed April 26, 2017. ECF No. 834.

On June 10, 2020, Petitioner, again through counsel, filed another Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his guilty plea under 18 U.S.C. § 922(g) should be vacated in light of the Supreme Court's recent decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). ECF No. 904. As of the date of entry of this Report and Recommendation, that motion is still pending.

## C. The § 2241 Petition

In support of his § 2241 petition, the petitioner argues that he is actually innocent of being a career offender, and that intervening Supreme Court precedent establishes that his two prior convictions for Maryland Second Degree Assault are not crimes of violence, and therefore, do not

---

[3] Petitioner argued that his two prior Maryland convictions for second degree assault could not have served as predicate convictions for his career offender enhancement because he did not serve a full year's sentence for either conviction.

[4] In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court held that the U.S.S.G. § 4B1.2(a)(2)'s residual clause is not unconstitutional because the Sentencing Guidelines "are not amendable to a vagueness challenge." Id. at 894.

3

qualify him as a career offender. In support of this allegation, the petitioner cites, among other cases, <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016) and <u>Descamps v. United States</u>, 570 U.S. 254 (2013). For relief, he requests that his sentence be vacated and his case remanded for resentencing without the career offender enhancement.

### III. <u>Standard of Review</u>

**A. <u>Review of Petitions for Relief</u>**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see</u> also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. <u>Pro Se Litigants</u>**

As *a pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

C. **<u>Post-Conviction Remedies and Relief</u>**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," <u>Vial</u>, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. <u>Young v. Conley</u>, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is

now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333 - 34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W.Va. February 20, 2014), *aff'd*, 573 Fed. App'x. 268 (4th Cir. 2014).

### IV. Analysis

Although Santos does not raise the Wheeler savings clause, he is not entitled to its application. As previously noted, Santos' sentence was based on the guidelines applicable to career

offenders.[5] Because Santos is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Santos met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines

---

[5] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Santos was sentenced in 2010, under the post-Booker, advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Santos cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED without prejudice.**

Petitioner shall have **fourteen (14) days from the date of service of this Report and Recommendation** within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to United States District Judge Thomas S. Kleeh. Objections shall not exceed ten (10) typewritten pages or twenty

(20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: September 29, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE