```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NELSON SANTOS,**

      **Petitioner**

v.                                              Civ. Action No.1:18-CV-67
                                                              (Kleeh)

**WARDEN ENTZEL, FCI Hazelton,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING AS MOOT THE MOTION FOR EXTENSION [DKT. NO. 15], AND DISMISSING PETITION [DKT. NO. 1] WITHOUT PREJUDICE**

On March 30, 2018, pro se Petitioner, Nelson Santos ("Santos" or "Petitioner"), filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. The petition challenges the legality of Petitioner's career offender sentence imposed by the United States District Court for the District of Maryland.

On September 29, 2020, United States Magistrate Judge Michael J. Aloi issued a Report and Recommendation ("R&R"), which recommended that the petition be denied and dismissed without prejudice [Dkt. No. 13]. A copy of the R&R was served on Santos on October 5, 2020 [Dkt. No. 14] and he filed a motion for extension of time to file response on October 21, 2020 [Dkt. No. 15] which is pending. No objections were filed. For the reasons that follow, the Court **ADOPTS** the R&R, **DENIES AS MOOT** the motion for

extension, and **DISMISSES** the § 2241 petition without prejudice.

## I. Petition

Based on filings in Petitioner's Criminal Case No. 8:09cr598-GJH-16 in the United States District Court for the District of Maryland, Petitioner and 19 co-defendants were charged with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d), in a one-count Indictment returned on October 28, 2009 [Dkt. No. 1, Case No. 8:09cr598-GJH-16]. Petitioner was then charged by July 14, 2010 Superseding Information with Count One-S, Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d), and in Count Two-S with Possession of a Firearm After Conviction for a Felony Offense, in violation of 18 U.S.C. § 922(g)(1) [Dkt. No. 292, Case No. 8:09cr598-GJH-16]. Petitioner signed a waiver of indictment and pled guilty to both charges in the Superseding Information pursuant to a written plea agreement and plea supplement [Dkt. Nos. 292, 296, 297, 298, 299, Case No. 8:09cr598-GJH-16].

At his sentencing hearing on October 22, 2010, Petitioner requested a variance and/or downward departure to 87 months, which was the top end of the non-career offender guideline, from the career offender enhanced sentence guideline range of 262 to 327 months [Dkt. Nos. 3-4, 8-9, 20-23, Case No. 8:09cr598-GJH-16]. The court partially granted Petitioner's request and sentenced him

to 190 months imprisonment as to Count One-S and 120 months imprisonment as to Count Two-S, to run concurrently [Dkt. No. 375, Case No. 8:09cr598-GJH-16]. Petitioner did not file a direct appeal [Dkt. No. 13 at 2].

Petitioner filed a pro se motion to vacate the sentence pursuant to 28 U.S.C. § 2255 [Dkt. No. 675, Case No. 8:09cr598-GJH-16]. Petitioner argued for relief from his conviction and sentence on the basis of insufficient counsel and the probation department's improper use of predicate offenses for the sentencing determination [Id.]. The motion to vacate was denied as untimely [Dkt. Nos. 707, 708, Case No. 8:09cr598-GJH-16].

Petitioner moved the Fourth Circuit Court of Appeals for leave to file a successive motion to vacate pursuant to 28 U.S.C. § 2255 [Dkt. No. 822, Case No. 8:09cr598-GJH-16]. After Beckles v. United States was decided by the Supreme Court in March, 2017, Petitioner voluntarily dismissed the motion by notice filed on April 26, 2017 [Dkt. No. 834, Case No. 8:09cr598-GJH-16].

On June 10, 2020, Petitioner filed another motion to vacate his sentence under 18 U.S.C. § 2255, arguing that his guilty plea under 18 U.S.C. § 922(g) should be vacated pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019) [Dkt. No. 904, Case No. 8:09cr598-GJH-16]. As of the date of this order, that motion is still pending.

In support of his § 2241 petition in this matter, Petitioner

argues that he is innocent of being a career offender, and that Supreme Court precedent establishes that his two prior convictions – for Second Degree Assault in Maryland – are not crimes of violence, and do not make him eligible for a career offender enhancement. He requests that his sentence be vacated and his case remanded for resentencing without the enhancement.

## II. Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. As part of that review, the court is charged with screening Petitioner's case to determine if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). On September 29, 2020, the Magistrate Judge entered a R&R, recommending that the Court dismiss the petition without prejudice [Dkt. No. 13].

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which the objections are made, and the basis of

such objection" [Dkt. No. 13 at 8]. It further warned that the "[f]ailure to file written objections . . . shall constitute a waiver *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" [Id. at 9]. Service of the R&R was accepted on October 5, 2020 [Dkt. No. 14]. Petitioner requested an extension of time by which to file a response to the R&R [Dkt. No. 15], and, while the motion is still pending, Petitioner has filed no objections. However, objections in this instance, even those specific to the findings of the magistrate judge, would not change the outcome.

### III. Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. As set forth in the R&R, Petitioner is not

entitled to relief under 28 U.S.C. § 2241.

As noted by the magistrate judge, a pro se litigant is accorded liberal construction and held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Even under the less stringent standard, the petition in this matter is subject to summary dismissal. The Court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

Despite the title given to his filing, Petitioner's application challenges the validity or lawfulness of his sentence and is not a habeas petition under 28 U.S.C. § 2241. A petition filed pursuant to § 2241 must allege facts pertaining to "an applicant's commitment or detention," 28 U.S.C. § 2242, and must attack the execution of a sentence, rather than its validity. See United States v. Bradshaw, 86 F.3d 164, 166 (10th Cir. 1996). What Petitioner filed is instead a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The law is settled that a § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for habeas corpus relief under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

As explained in the R&R, in limited circumstances, 28 U.S.C. § 2255(e) provides a savings clause exception that will allow a § 2241 petition to take the place of a § 2255 motion [Dkt. No. 13 at 5]. The factors necessary for application of the exception must all be satisfied, and include: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law change such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law [Id. at 5-6]. See In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000); United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

With Wheeler, the Fourth Circuit expanded the savings clause and held it to be available when a § 2241 petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. 886 F.3d at 428. Importantly, the savings clause

requirements on § 2255 are jurisdictional rather than procedural; therefore, if the requirements are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. It is the petitioner who bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W.Va. February 20, 2014), *aff'd*, 573 Fed. App'x 268 (4th Cir. 2014).

A review of Petitioner's application easily establishes that he has not raised any claims pertaining to the execution of his sentence. Rather, his claims attack the validity or lawfulness of his sentence. Santos states in his Petition that he requests that the Court "vacate his sentence as a career offender and order him to be resentenced" [Dkt. No. 1-1]. Although Petitioner states that he falls within the § 2255(e) savings clause, he offers no support for the conclusory statement that a § 2255 petition is "inadequate or ineffective" to test the legality of his detention.[1] A § 2255 petition is not inadequate or ineffective "merely because an individual has been unable to obtain relief under that

---

[1] Petitioner's latest § 2255 petition, filed in his underlying criminal case in the District of Maryland in June 2020, is still pending [Dkt. No. 904, Case No. 8:09cr598-GJH-16].

provision." In re Vial, 115 F.3d at 1194 n. 5 (citations omitted); Lester v. Flournoy, 909 F3d 708, 715 (4th Cir. 2018) (explaining that the savings clause should provide only the tightest alleyway to relief).  As noted by the magistrate judge, even if the first three prongs of Wheeler were satisfied, all four are necessary for this Court to exercise jurisdiction.  Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  Lester, 909 F3d at 715.

Unlike some cases alleging misclassification in the application of the career offender enhancement, Petitioner Santos was sentenced under the post-Booker,[2] advisory Sentencing Guidelines.  The sentencing court not only considered Petitioner's request for a variant sentence or downward departure, it also partially granted the request [Dkt. No. 375, Case No. 8:09cr598-GJH-16].  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guideline sentence [i]s justified, but in fact [i]s required to do so." Lester, 909 F.3d at 715.  Regardless of whether the advisory Guidelines were misapplied, because the court exercised its discretion, Santos cannot satisfy the fourth Wheeler prong to meet the § 2255 savings

---

[2] U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

clause requirements for purposes of a § 2241 petition. See United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (finding that a § 2255 petition does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a 'fundamental defect which inherently results in the miscarriage of justice'").

The Court is without jurisdiction to consider the § 2241 petition and, when subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Santos is barred from bringing this claim as a § 2241 petition and his petition must be dismissed.

### IV. Conclusion

For the reasons discussed, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 13], **DENIES AS MOOT** the motion for extension [Dkt. No. 15], and **DISMISSES** the petition [Dkt. No. 1] without prejudice.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendant and to **STRIKE** this matter from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested, at the last known address as shown on the docket.

**DATED:** March 30, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE